# EXHIBIT 22

Volume II  
Edward Rendell

Case 1:16-cv-05475-AKH   Document 122-1   Filed 09/17/18   Page 2 of 5

Confidential

In re American Realty Capital  
Properties, Inc. Litigation

**Page 308**

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   _____:
 3   In re AMERICAN REALTY CAPITAL   : Civil Action No.
 4   PROPERTIES, INC. LITIGATION     : 1:15-mc-00040-AKH
 5   _____:
 6   This Document Relates To:       :
 7   ALL ACTIONS.                    :
 8   _____:
 9   ARCHER CAPITAL MASTER FUND, L.P.,: Civil Action No.
10   et al.,                         : 1:16-cv-05471-AKH
11              Plaintiffs,          :
12   vs.                             : VOLUME II
13   AMERICAN REALTY CAPITAL         :
14   PROPERTIES, INC., et al.,       :
15              Defendants.          :
16   _____:
17   (Caption continued on the next page)
18          ** CONFIDENTIAL ** CONFIDENTIAL **
19       VIDEOTAPED DEPOSITION OF EDWARD G. RENDELL
20                    April 13, 2018
21                  New York, New York
22                     8:43 a.m.
23   Reported by:
24   Eileen Mulvenna, CSR/RMR/CRR
25   Job No. 10041043
```

**Page 309**

```
 1   _____:
 2   ATLAS MASTER FUND, LTD., et al., : Civil Action No.
 3                                   : 1:16-cv-05475-AKH
 4              Plaintiffs,          :
 5   vs.                             :
 6   AMERICAN REALTY CAPITAL         :
 7   PROPERTIES, INC., et al.,       :
 8              Defendants.          :
 9   _____:
10   BLACKROCK ACS US EQUITY TRACKER : Civil Action No.
11   FUND, et al.,                   : 1:15-cv-08464-AKH
12                                   :
13              Plaintiffs,          :
14   vs.                             :
15   AMERICAN REALTY CAPITAL         :
16   PROPERTIES, INC., et al.,       :
17              Defendants.          :
18   _____:
19   CLEARLINE CAPITAL PARTNERS LP,  : Civil Action No.:
20   Et al.,                         : 1:15-cv-08467-AKH
21              Plaintiffs,          :
22   vs.                             :
23   AMERICAN REALTY CAPITAL         :
24   PROPERTIES, INC., et al.,       :
25              Defendants.          :
```

**Page 310**

```
 1   _____:
 2   HG VORA SPECIAL OPPORTUNITIES   : Civil Action No.
 3   MASTER FUND, LTD.,              : 1:15-cv-04107-AKH
 4              Plaintiff,           :
 5   vs.                             :
 6   AMERICAN REALTY CAPITAL         :
 7   PROPERTIES, INC., et al.,       :
 8              Defendants.          :
 9   _____:
10   JET CAPITAL MASTER FUND, L.P.,  : Civil Action No.:
11   et al.,                         : 1:15-cv-00307-AKH
12              Plaintiffs,          :
13   vs.                             :
14   AMERICAN REALTY CAPITAL         :
15   PROPERTIES, INC., et al.,       :
16              Defendants.          :
17   _____:
18   PENTWATER EQUITY OPPORTUNITIES  : Civil Action No.:
19   MASTER FUND LTD., et al.,       : 1:15-cv-08510-AKH
20              Plaintiffs,          :
21   vs.                             :
22   AMERICAN REALTY CAPITAL         :
23   PROPERTIES, INC., et al.,       :
24              Defendants.          :
     _____:
25
```

**Page 311**

```
 1   _____:
 2   PIMCO FUNDS: PIMCO DIVERSIFIED: :Civil Action No.
 3   INCOME FUND, et al.,            :1:15-cv-08466-AKH
 4              Plaintiffs,          :
 5   vs.                             :
 6   AMERICAN REALTY CAPITAL         :
 7   PROPERTIES, INC., et al.,       :
 8              Defendants.          :
 9   _____:
10   TWIN SECURITIES, INC., et al.,  :Civil Action No.
11              Plaintiffs,          :1:15-cv-01291-AKH
12   vs.                             :
13   AMERICAN REALTY CAPITAL         :
14   PROPERTIES, INC., et al.,       :
15              Defendants.          :
16   _____:
17   JOANNE WITCHKO, Derivatively on : Lead Case No.:
18   Behalf of Nominal Defendant     : 15-cv-06043-AKH
19                                   : (Consolidated
20                                   :  w/Case No.
21   AMERICAN REALTY CAPITAL         : 15-cv-08563-AKH)
22   PROPERTIES, INC.,               :
23              Plaintiff,           :
24   vs.                             :
25   NICHOLAS S. SCHORSCH, et al.,   :
```

**Page 372**

1  significant.
2  BY MR. USLANER:
3  Q. Significant wrongdoing?
4  MR. GARCIA: Objection.
5  MR. SCHWARTZ: Objection.
6  BY MR. USLANER:
7  Q. Is that yes?
8  A. Again, maybe "serious" is better than
9  "significant." I -- suffice it to say, it indicated
10  wrongdoing that was something that we wanted to get
11  out to the investor world and to the market.
12  Q. Are you -- strike that.
13  You recall that Lisa McAlister was the
14  company's chief accounting officer during the time
15  in which you were on ARCP's board?
16  A. For the lion's share of the time I was
17  on the board.
18  Q. Are you aware that Ms. McAlister has
19  pled guilty to securities fraud?
20  A. Yes.
21  Q. And you understand that she pled
22  guilty as to securities fraud in connection with her
23  work at ARCP; correct?
24  MR. SCHWARTZ: Objection.
25  THE WITNESS: Yes.

**Page 373**

1  BY MR. USLANER:
2  Q. Do you have an understanding as to
3  what she admitted she did?
4  A. No.
5  Q. Do you dispute her admission that ARCP
6  misstated its financials?
7  MR. GARCIA: Objection.
8  MR. SCHWARTZ: Objection.
9  THE WITNESS: No, I think we indicated
10  that in the 8-K and in the restatement.
11  BY MR. USLANER:
12  Q. Do you dispute her admission that she
13  committed securities fraud?
14  MR. GARCIA: Objection.
15  MR. SCHWARTZ: Objection.
16  THE WITNESS: I don't know the
17  definition of criminal securities fraud.
18  BY MR. USLANER:
19  Q. Do you dispute her admission that she
20  made -- strike that.
21  Do you dispute her admission that she
22  made material misrepresentations to investors?
23  MR. SCHWARTZ: Objection.
24  MR. GARCIA: Objection.
25  THE WITNESS: I'm not aware of who

**Page 374**

1  exactly did what, so I couldn't tell you with
2  any definitive knowledge that -- what she
3  did, but suffice to say that there were
4  misrepresentations.
5  BY MR. USLANER:
6  Q. Misrepresentations by the company.
7  MR. SCHWARTZ: Objection.
8  MR. GARCIA: Objection.
9  THE WITNESS: Clearly.
10  BY MR. USLANER:
11  Q. And you'd agree with me that those
12  misrepresentations were material; right?
13  MR. GARCIA: Objection.
14  MR. SCHWARTZ: Objection.
15  THE WITNESS: Again, subject to
16  characterization, but they were -- they were
17  enough to have us do a restatement.
18  BY MR. USLANER:
19  Q. What do you mean by that, "they were
20  enough to have us do the restatement"?
21  A. It caused us to issue a restatement.
22  Q. What did you understand -- strike
23  that.
24  You approved of the company's
25  issuances of a restatement; correct?

**Page 375**

1  A. Yes. I mean, it was our decision.
2  Q. And what did you understand you were
3  approving in issuing a restatement for the company?
4  A. Well, the first -- the first -- well,
5  we were clearing up the errors that were in the
6  financial statement and admitting that there was --
7  that they were misleading.
8  Q. Are you aware of -- strike that.
9  Do you recall a gentleman by the name
10  of Brian Block?
11  A. Yes.
12  Q. He was the CFO of ARCP while you were
13  on the board; correct?
14  A. For most of the time I was on the
15  board.
16  Q. Are you aware that Mr. Block was
17  convicted of securities fraud?
18  A. Yes.
19  Q. Do you have an understanding as to the
20  conduct for which he was convicted?
21  MR. SCHWARTZ: Objection.
22  THE WITNESS: Again, I don't know who
23  exactly did what, but it was the conduct
24  of -- of -- he was charged with producing
25  misleading information.

Page 376

1 BY MR. USLANER:
2 Q. And you agree that he produced
3 misleading information?
4 MR. SCHWARTZ: Objection.
5 THE WITNESS: Absolutely.
6 BY MR. USLANER:
7 Q. When the company issued its
8 restatements, the restatement you approved, the
9 company was not merely reporting a change in
10 management's perspective, it was reporting material
11 errors; correct?
12 MR. GARCIA: Objection.
13 MR. SCHWARTZ: Objection.
14 Instruct the witness not to answer to
15 the extent his understanding is based on
16 communication with counsel or E&Y.
17 THE WITNESS: I'm sorry. Can you read
18 back the question.
19 BY MR. USLANER:
20 Q. I'm not -- I appreciate your patience.
21 MR. SCHWARTZ: Objection.
22 MR. USLANER: Again, Mr. Schwartz, I
23 would advise you, he understands your
24 instruction. And inserting it each time
25 really is interfering with the deposition.

Page 377

1 Okay?
2 MR. SCHWARTZ: I disagree with your
3 characterization.
4 Q. Okay. Thank you. I appreciate --
5 MR. SCHWARTZ: And this is the first
6 I'm hearing that your position is that I'm
7 not allowed to object, instruct the witness
8 to maintain the company's privilege. I think
9 that's totally inconsistent with the court's
10 ruling.
11 MR. USLANER: If you could please stop
12 talking on the record. Thank you.
13 BY MR. USLANER:
14 Q. You understood, sir, that when the
15 company issued its restatement, the one you
16 approved, it was not merely reporting a change in
17 management's perspective, it was reporting material
18 errors; correct?
19 MR. SCHWARTZ: Same objection.
20 Same instruction.
21 THE WITNESS: Give it to me one more
22 time. I apologize.
23 BY MR. USLANER:
24 Q. Not a problem.
25 You understood that when the company,

Page 378

1 ARCP, issued its restatement, the one you approved,
2 the company was not merely reporting a change in
3 management perspective, it was reporting material
4 errors in its prior financials; correct?
5 MR. SCHWARTZ: Same objection.
6 Same instruction.
7 MR. GARCIA: Objection.
8 THE WITNESS: Yes. And correcting
9 them with the proper financial statements,
10 which I think was equally important.
11 BY MR. USLANER:
12 Q. Did all of the members of ARCP's board
13 at the time approve the company's issuance of the
14 restatement?
15 A. To the best of my recollection, we
16 were unanimous.
17 Q. Do you recall anyone voicing any
18 disapproval with the findings conveyed in the
19 restatement?
20 A. No.
21 Q. Did anyone -- strike that.
22 Do you recall having discussions with
23 ARCP's management about the restatement prior to its
24 issuance?
25 A. Yes.

Page 379

1 Q. Did anyone at ARCP voice any
2 disagreement with the contents of the restatement?
3 A. No, I think management was keenly
4 aware that the board wanted to do this.
5 (Exhibit 285, Previously marked.)
6 BY MR. USLANER:
7 Q. Sir, I'm handing you what's been
8 previously marked as Exhibit 285.
9 MR. USLANER: For the record,
10 Exhibit 285 has been previously marked, and
11 it bears the Bates Stamp GT-ARCP DOC_00613842
12 through 3854.
13 (Witness peruses the exhibit.)
14 MR. SCHWARTZ: I believe this document
15 was the subject of an objection at the
16 Estrada deposition and the company's position
17 was stated on the record there. And just
18 incorporate that position here as well today.
19 MR. GARCIA: Just for the record, the
20 document goes to 53, but --
21 MR. USLANER: Okay.
22 BY MR. USLANER:
23 Q. Sir, for your reference, I'm going to
24 be focusing on the presentation by Grant Thornton to
25 the audit committee and specifically the appendix to

## Page 612

```
1   today's questioning of Governor Edward
2   Rendell.  We are going off the record at 1700
3   on this day of Friday, April 13, 2018.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## Page 613

```
1                    C E R T I F I C A T E
2
3   STATE OF NEW YORK      )
4                          ) ss:
5   COUNTY OF WESTCHESTER  )
6
7          I, Eileen Mulvenna, CSR/RMR/CRR and a
8   notary public within and for the State of New York,
9   do hereby certify:
10         That I reported the proceedings in the
11  within-entitled matter, and that the within
12  transcript is a true record of such proceedings.
13         I further certify that I am not related by
14  blood or marriage to any of the parties in this
15  matter and that I am in no way interested in the
16  outcome of the matter.
17         Further, that if the foregoing pertains to
18  the original transcript of a deposition in a federal
19  case, before completion of the proceedings, review of
20  the transcript [X] was [ ] was not requested.
21         IN WITNESS WHEREOF, I have hereunto set my
22  hand this 23rd day of April, 2018.
23
24  ------------------------------
25               Eileen Mulvenna, CSR/RMR/CRR
```

## Page 614

```
1            DECLARATION UNDER PENALTY OF PERJURY
2   Case Name: In re American Realty Capital
               Properties, Inc. Litigation
3   Date of Deposition: 04/13/2018
4   Job No.: 10041043
5
6          I, EDWARD RENDELL, hereby certify
7   under penalty of perjury under the laws of the State of
8   _____ that the foregoing is true and correct.
9          Executed this _____ day of
10  _____, 2018, at _____.
11
12
13           _____
14                    EDWARD RENDELL
15
16  NOTARIZATION (If Required)
17  State of _____
18  County of _____
19  Subscribed and sworn to (or affirmed) before me on
20  this _____ day of _____, 20__,
21  by_____,  proved to me on the
22  basis of satisfactory evidence to be the person
23  who appeared before me.
24  Signature: _____ (Seal)
25
```

## Page 615

```
1   DEPOSITION ERRATA SHEET
2   Case Name: In re American Realty Capital
               Properties, Inc. Litigation
    Name of Witness: Edward Rendell
3   Date of Deposition: 04/13/2018
    Job No.: 10041043
4   Reason Codes:  1. To clarify the record.
                   2. To conform to the facts.
5                  3. To correct transcription errors.
6   Page _____ Line _____ Reason _____
7   From _____ to _____
8   Page _____ Line _____ Reason _____
9   From _____ to _____
10  Page _____ Line _____ Reason _____
11  From _____ to _____
12  Page _____ Line _____ Reason _____
13  From _____ to _____
14  Page _____ Line _____ Reason _____
15  From _____ to _____
16  Page _____ Line _____ Reason _____
17  From _____ to _____
18  Page _____ Line _____ Reason _____
19  From _____ to _____
20  Page _____ Line _____ Reason _____
21  From _____ to _____
22  Page _____ Line _____ Reason _____
23  From _____ to _____
24  Page _____ Line _____ Reason _____
25  From _____ to _____
```